**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**AUTO-OWNERS INSURANCE CO.,**

    **Plaintiff,**

vs.                            **Case No. 4:13cv505-WS/CAS**

**DEYOUNG CONSTRUCTION
COMPANY, INC., et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a motion to compel discovery in aid of execution on February 26, 2016. ECF No. 21. Thereafter, a suggestion of bankruptcy was filed for pro se Defendants Edward and Janice Deyoung, ECF No. 23, and this case was stayed. ECF No. 24. On October 27, 2016, Plaintiff filed a status report advising that there had been a discharge in the bankruptcy proceeding and requesting leave to withdraw the motion to compel discovery in aid of execution. ECF No. 30. Although not filed as a motion, Plaintiff's request was granted. ECF No. 31.

In light of the discharge, Plaintiff was required to either file a response to this Order demonstrating why this case should continue or file a notice of voluntary dismissal pursuant to Rule 41 if there was no longer an active case or controversy to be litigated. ECF No. 31. Plaintiff filed a "Satisfaction of Final Judgment," ECF No. 32, and another "Status Report," ECF No. 33, advising that Plaintiff "filed a Satisfaction of Final Judgment."

Rule 41(a) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves either his answer or motion for summary judgment or upon the filing of a "stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). Defendants had filed an answer, ECF No. 9, and the parties have not filed a stipulation of dismissal. Notwithstanding, there is no longer a case or controversy to be decided in light of the Defendants' debt being discharged in the bankruptcy proceeding. This case should now be dismissed and the filing of the Satisfaction, ECF No. 32, is deemed to be Plaintiff's request to dismiss this case pursuant to Rule 41(a)(2). That request is granted.

Case No. 4:13cv505-WS/CAS

It is respectfully **RECOMMENDED** that Plaintiff's filing of the Satisfaction of Final Judgment, ECF No. 32, be deemed to be a request for voluntary dismissal, that the request be **GRANTED** and this case be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 2, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**